IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| ANDRE PEARSON, AIS 244099, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CASE NO. 2:25-CV-220-WKW |
| | ) [WO] |
| KAY IVEY and STEVEN T. MARSHALL, | ) |
| | ) |
| Defendants. | ) |

## **ORDER**

Plaintiff Andre Pearson, proceeding *pro se*, filed this 42 U.S.C. § 1983 action for alleged violations of his federal constitutional rights while incarcerated at the Elmore Correctional Facility. Contemporaneously with the initiation of his complaint, Plaintiff filed a Motion for Leave to Proceed *In Forma Pauperis*. (Doc. # 2.) However, he did not file the required documentation from his facility's inmate account clerk showing the average monthly balance in and average monthly deposits to his prison account for the six-month period immediately preceding the filing of his complaint. Thus, on May 15, 2025, the court ordered Plaintiff to file the required documentation by May 29, 2025, and warned him that a failure to comply would result in dismissal of his action. (Doc. # 3.) The Order was not returned to the Court as undeliverable.

To date, Plaintiff has not complied with the May 15th Order or submitted anything in this action since its filing more than twelve weeks ago. As warned, this action will be dismissed without prejudice. *See Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) (noting that "dismissal upon disregard of an order, especially where the litigant has been forewarned, generally is not an abuse of discretion") (citations omitted). The authority of courts to impose sanctions for failure to prosecute and to comply with court orders is longstanding and acknowledged by Rule 41(b) of the Federal Rules of Civil Procedure. *See Link v. Wabash R. Co.*, 370 U.S. 626, 629–30 (1962). This authority "is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts." *Id*. It further empowers the courts "to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Id*. at 630–31. Dismissal as a sanction, however, "is warranted only upon a 'clear record of delay or willful contempt and a finding that lesser sanctions would not suffice.'" *Mingo v. Sugar Cane Growers Co-Op of Fla.*, 864 F.2d 101, 102 (11th Cir. 1989) (per curiam) (emphasis omitted) (quoting *Goforth v. Owens*, 766 F.2d 1533, 1535 (11th Cir. 1985)).

In this instance, Plaintiff's failure to comply with the May 15th Order—despite its express directive and warning—demonstrates a clear record of delay and

willful disregard of the court's authority, and no sanction short of dismissal without prejudice would be adequate.

Based on the foregoing, it is ORDERED that this action is DISMISSED without prejudice.

Final judgment will be entered separately.

DONE this 13th day of June, 2025.

/s/ W. Keith Watkins  
UNITED STATES DISTRICT JUDGE